IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANCISCA PLEINES-GREEN, ) | |
| ) | |
| Plaintiff, ) | 4:06cv3061 |
| ) | |
| vs. ) | ORDER |
| ) | ON INITIAL REVIEW |
| NEBRASKA DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court for initial review[1] of the complaint filed by the plaintiff, Francisca Pleines-Green, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"). The plaintiff, who is proceeding pro se and in forma pauperis ("IFP"), asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging deficient medical treatment, in violation of the Eighth Amendment to the U.S. Constitution and under state law.[2]

The plaintiff reports that she has experienced abdominal pain since 2001, and the pain has spread from one side to her entire abdomen in recent months. The physicians who provide medical services to inmates at the plaintiff's institution have been unable to diagnose the cause or origin of the pain, although they did arrange for the removal of the plaintiff's gall bladder. Nevertheless, the plaintiff continues to suffer. Construed liberally, the plaintiff's complaint requests the following relief: (1) consultation with whatever specialists outside of DCS would be necessary to obtain a definitive diagnosis of, and relief from, her condition; (2) damages for violation of the Eighth Amendment to the U.S. Constitution, and (3) damages for professional negligence, i.e., a state law claim of continuing medical malpractice.

The problem with the plaintiff's complaint is that she has sued a party which is entirely immune from liability for damages in federal court and is not a "person" who may be sued pursuant to 42 U.S.C. § 1983. State sovereign immunity, recognized by the

---

[1] The Prison Litigation Reform Act ("PLRA") requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, restricts remedies, and dictates procedures in prisoner litigation. See, e.g., 28 U.S.C. § 1915A (screening of prisoner complaints).

[2] The court has received the plaintiff's initial partial filing fee and her Response to Order to Show Cause. Therefore, the court's Order to Show Cause (filing no. 8) has been satisfied, and I now proceed with initial review of the complaint.

1

Eleventh Amendment to the U.S. Constitution, prohibits a plaintiff from suing a state or a state agency or instrumentality, such as DCS, for monetary relief, except insofar as the state or the U.S. Congress has abrogated the state's sovereign immunity.  See, e.g., Morstad v. Department of Corrections and Rehabilitation, 147 F.3d 741, 744 (8th Cir. 1998): "[A]bsent a waiver, the Eleventh Amendment immunizes the state and its officials from § 1983 liability."  See also Edelman v. Jordan, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").  No waiver of sovereign immunity applies to this case.

Thus, if the plaintiff wishes to continue with this litigation, she will have to amend her complaint to name as defendants specific identified individual persons responsible for the wrongs she believes have been committed against her.  The persons she names may be sued in their individual and official capacities, for such monetary, injunctive and declaratory relief as may be available under applicable law. Until the plaintiff names some individual(s) as defendant(s), the plaintiff's claim for monetary relief cannot proceed.

Even as to the plaintiff's claim for injunctive relief, a state is not a "person" who may be sued under 42 U.S.C. § 1983.  Hilton v. South Carolina Public Railways Com'n, 502 U.S. 197, 199-201 (1991), *citing* Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).  Thus, 42 U.S.C. § 1983 does not permit a cause of action against the State of Nebraska or its agencies and instrumentalities in federal court for prospective injunctive relief.  Again, the plaintiff would have to name individual persons as defendants in their individual and official capacities for injunctive, declaratory and monetary relief for this case to avoid dismissal and to progress in the ordinary course.

A "person" who may be sued pursuant to 42 U.S.C. § 1983 does include a state employee in his or her *individual* capacity, Hafer v. Melo, 502 U.S. 21 (1991).  Also, the doctrine of Ex Parte Young, 209 U.S. 123 (1908), holds that the Eleventh Amendment does not bar suits for prospective injunctive relief against state officials in their official capacity.  A suit to enjoin state officials in their official capacity may proceed if the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective, although a declaratory judgment establishing past liability of the State is nevertheless forbidden by the Eleventh Amendment.  Verizon Maryland, Inc. v. Public Service Com'n of Maryland, 535 U.S. 635, 646 (2002).

This case is assigned to the docket of District Judge Laurie Smith Camp.  However, a Magistrate Judge may conduct initial review.  Having reviewed the complaint, I find that the plaintiff must amend her complaint if this case is to progress.

THEREFORE, IT IS ORDERED:

1.   That on initial review, the plaintiff's complaint appears to seek relief from a defendant with immunity from such relief;

      2.      That the Clerk of Court shall send the plaintiff a standard form for a complaint which the plaintiff may, but does not have to, use for an Amended Complaint;

      3.      That the plaintiff shall have until September 15, 2006 (unless a timely motion for extension of time is granted) to file an Amended Complaint;

      4.      That, in the absence of a timely and sufficient Amended Complaint, this case may be subject, without further notice, to dismissal without prejudice.

DATED this 28th day of August, 2006.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge