**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| FRANCISCA PLEINES-GREEN, | ) | CASE NO. 4:06CV3061 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DR. RANDY KOHL, TERESA SMITH, | ) | |
| XANN LINHART, PAT PENNY, and | ) | |
| JOHN DAHM, in their official and | ) | |
| individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

The matters before the Court are the Defendants' Motions to Dismiss (Filing Nos. 27, 30). For the reasons stated below, the Defendants' motions will be granted.

**Background**

The Plaintiff, Francisca Pleines-Green ("Pleines-Green"), a pro se litigant, filed her Amended Complaint (Filing No. 11, amended by Text Order at Filing No. 21) with this Court on September 15, 2006, asserting a 42 U.S.C. § 1983 action against five named Defendants—Randy Kohl, Teresa Smith, Xann Linhart, Pat Penny, and John Dahm. She alleges that she is an inmate at the Nebraska Correctional Center for Women, and that she continues to experience abdominal pain that started in 2001. She further alleges that Penny, Smith, and Linhart "continued to put me through test after test in five [years]"; that Dahm, Warden of the Nebraska Correctional Center for Women, "said I was seen by medical, and my medical has been revised accordingly, as well as told me to continue to work with the medical [department] for my care"; and that Kohl "is medical director, so things have to go through him." (Filing No. 11, p. 5). Pleines-Green states that she has sustained unnecessary pain and suffering, and asks this Court to "get [the Department of

Correctional Services] to do their job the right way and not keep someone in pain for so long, without any knowing why still in pain," and to award her $5,000.00 for her damages. (*Id*. at 6). The Defendants have filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and briefs in support of those motions. Pleines-Green has filed no brief in opposition.

## Standard of Review

As an initial matter, I note that Pleines-Green is a pro se litigant, and that as such her Amended Complaint is held "to less stringent standards than formal pleadings drafted by lawyers." *Ellis v. Butler*, 890 F.2d 1001, 1003 (8th Cir. 1989) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

In considering a motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Court must assume all the facts alleged in the complaint are true, and must liberally construe the complaint in the light most favorable to the plaintiff. *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears, beyond a doubt, that the plaintiff can prove no set of facts which would allow relief. *Id.* Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, some insuperable bar to relief. *Id.*

## Facts

The following facts are those stated in Pleines-Green's Amended Complaint. Pleines-Green, an inmate at the Nebraska Correctional Center for Women, started to

experience abdominal pain in July, 2001. Penny, Smith, and Linhart conducted "test after test [for] five [years]," under the supervision of Kohl, but Pleines-Green continues to have the pain with no diagnosis of the cause. (Filing No. 11, p. 5). In September of 2006, she filed her Amended Complaint, asserting a 42 U.S.C. § 1983 claim against the Defendants, and on November 1, 2006, she was allowed to amend her Amended Complaint to specifically bring the action against all of the Defendants in both their official and individual capacities.

## Discussion

In her Amended Complaint, Pleines-Green argues that although she has been told "the medical staff has the training and experience to diagnose medical conditions, and prescribe appropriate treatment," (*id.*), the staff has put her through a number of tests with no diagnosis or reduction in pain. She concludes that she has been subjected to unnecessary pain and mental anguish, in violation of the Eighth and Fourteenth Amendments. The Defendants argue, on the other hand, that (1) in their official capacities, they are state employees and as such are entitled to sovereign immunity; and (2) in their individual capacities, the Amended Complaint fails to state a cause of action under the Eighth and Fourteenth Amendments.[1]

---

[1] Dahm offers a second reason why the case against him in his individual capacity should be dismissed—he argues that respondeat superior does not apply to supervisors in prisoner deliberate indifference claims. The Eighth Circuit has said that "[r]espondeat superior is not applicable to § 1983 claims. Further, a warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987) (citing *Cotton v. Hutto*, 577 F.2d 453, 455 (8th Cir.1978)); *see also Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability. Moreover, because [the defendants] lacked medical expertise, they cannot be liable for the medical staff's diagnostic decision not to refer [the plaintiff] to a doctor to treat his [injury]." (citing *Crooks v. Nix*, 872 F.2d 800, 803 (8th Cir.1989))).

***A. Sovereign Immunity and the Defendants in Their Official Capacities***

State sovereign immunity, preserved by the Eleventh Amendment to the United States Constitution, prohibits a plaintiff from suing in federal court a state, state agencies, or state employees in their official capacity for monetary damages, except insofar as the state or the Congress of the United States has abrogated the state's sovereign immunity. *See, e.g.*, *Morstad v. Dep't of Corr. and Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998) ("[A]bsent a waiver, the Eleventh Amendment immunizes the state and its officials acting in their official capacities from § 1983 liability."); *see also Burk v. Beene*, 948 F.2d 489, 492–93 (8th Cir. 1991) ("Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'" (citations omitted)). No waiver of sovereign immunity applies to this case, and therefore the Eleventh Amendment bars Pleines-Green from bringing her current action for monetary damages against the Defendants (all of whom are state officials), in their official capacity, in federal court.

I note that because suits for injunctive relief are not treated as actions against the state, *see Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *see also Heartland Acad. Cmty. Church v. Waddle*, 427 F.3d 525, 530 (8th Cir. 2005) ("A federal court may [] issue an injunction to prevent state officials from violating the Constitution without running afoul

---

In this case, Pleines-Green simply alleges that Dahm "said I was seen by medical, and my medical has been revised accordingly, as well as told me to continue to work with the medical [department] for my care." There is no allegation that Dahm instituted a policy of indifference, or that Dahm has medical training that would qualify him to question the determinations of the medical staff. Pursuant to the above-mentioned Eighth Circuit case law, Pleines-Green's Amended Complaint does not properly assert a § 1983 cause of action against Dahm, and I find that in addition to the reasons set forth in the body of this Memorandum and Order, the claims against Dahm in his individual capacity will be dismissed.

of the Eleventh Amendment."), such suits against state officials in their official capacities are cognizable under § 1983. Nevertheless, liberally construing her Amended Complaint, I find that Pleines-Green has not requested any injunctive relief.

Since the claims for money damages against the Defendants in their official capacities are barred by sovereign immunity, and since there is no claim for an injunction against them, the allegations against the Defendants in their official capacities fail as a matter of law to state a claim upon which relief can be granted.

### B. Qualified Immunity and the Defendants in Their Individual Capacities

A government official, sued individually for damages pursuant to 42 U.S.C. § 1983, is entitled to qualified immunity unless the plaintiff shows that the official violated a "clearly established" federal statutory or constitutional right of the plaintiff. For a right to be considered "clearly established," a plaintiff must demonstrate that a reasonable person would have known (1) of the plaintiff's right; and (2) that the conduct at issue violated the plaintiff's right.[2] *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987) ("The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful . . . but it is to say that in the light of pre-existing law the unlawfulness must be apparent.").

Specific to the case at hand, the current state of Eighth Amendment law is that "[a]

---

[2]As explained in *Hope v. Pelzer*, 536 U.S. 730 (2002), clearly established law means that a governmental official is entitled to "fair warning" that the conduct in question would deprive the plaintiff of a constitutional right. *Id.* at 739–40. Thus, the "salient question" is whether the state of the law when a defendant acted gave "fair warning" that the conduct was unconstitutional. *Id.* at 741.

prisoner's Eighth Amendment rights are violated if prison officials show 'deliberate indifference' to the prisoner's 'serious medical needs.'" *Olson v. Bloomberg*, 339 F.3d 730, 735 (8th Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). This is essentially a two step inquiry—there must be (1) an objective seriousness to the prisoner's needs, and (2) a subjective knowledge of that seriousness, which the official consciously ignores. *See Tokar v. Armontrout*, 97 F.3d 1078, 1081–82 (8th Cir. 1996) ("As a general matter, a prison official commits an Eighth Amendment violation only when two requirements are met: (1) the deprivation alleged must be objectively, sufficiently serious, and (2) a prison official must be, as a subjective state of mind, deliberately indifferent to the prisoner's health or safety."). "Deliberate indifference may be manifested by prison doctors in responding to the prisoner's needs or by prison officials in intentionally denying or delaying access to medical care or intentionally interfering with prescribed treatment." *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002) (citing *Estelle*, 429 U.S. at 104–05). "Prison officials cannot substitute their judgment for a medical professional's prescription." *Id.*

Even accepting all of Pleines-Green's allegations as true, and drawing all possible inferences in favor of Pleines-Green, I find that she has failed to state a cause of action against any of the Defendants in their individual capacities. In fact, the allegations in her Amended Complaint belie her claim of an Eighth Amendment violation. She asserts that she has undergone a "number of tests," and that Penny, Smith, and Linhart "continued to put me through test after test in five [years]." There is no allegation that she was ever denied access to the medical staff, or that she was ever denied any form of prescribed

6

treatment.[3]  Further, there is no allegation that any of the Defendants have subjective knowledge of an objectively serious condition that they continue to ignore.  Rather, it appears Pleines-Green concludes that since she continues to have pain with no diagnosis, after several years of continued examinations and treatment, the medical staff must be unqualified.  I find no manifestation of deliberate indifference sufficient to state a claim for an Eighth Amendment violation, and that Pleines-Green's Amended Complaint fails to state a cause of action against all of the Defendants in their individual capacity as a matter of law.

IT IS ORDERED:

1. The Defendants' Motions to Dismiss (Filing Nos. 27, 30) are granted;

2. The Plaintiff's Amended Complaint (Filing No. 11, amended by Text Order at Filing No. 21) is dismissed with prejudice; and

3. A separate Judgment will be entered.

DATED this 28th day of June, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[3] Rather, she alleges the opposite—that Dahm told her to *continue* "to work with the medical [department]" for her care.